IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FARFROM BORING PROMOTIONS.COM, LLC,
a Florida limited liability company,

        Plaintiff,

v.

BROOKLINE, LLC, dba LILOGY,
a Connecticut limited liability company
        Defendant.
-------------------------------------------------------------------/

## COMPLAINT FOR ACCOUNTING AND RESTITUTION

COMES NOW, the Plaintiff, FARFROM BORING PROMOTIONS.COM, LLC, by and through the undersigned counsel and hereby files this Complaint against BROOKLINE LLC, dba LILOGY for Accounting and Restitution.

1. The Plaintiff, FARFROM BORING PROMOTIONS.COM, LLC ("hereinafter FFB"), is a Florida limited liability company with its principal place of business located in Boca Raton, Palm Beach County, Florida.

2. The Defendant, BROOKLINE LLC dba LILOGY (hereinafter "LILOGY"), is a Connecticut limited liability company with its principal place of business and operations located in the State of New York.

3.. LILOGY availed itself of the benefits of engaging FFB in Palm Beach County, Florida in a course of transactions out of which the cause of action herein has arisen, and it is believed that as a result of LILOGY's direct contacts and communications

1

with FFB within the State of Florida, specifically Boca Raton, Palm Beach County, Florida, that LILOGY received and holds monies which are rightfully the property of and owned by FFB.

4. Complete diversity of the parties exists as the Defendant in this action is a foreign entity owned and controlled by foreign individuals or entities; the Plaintiff is a Florida limited liability company with its principal place of business in the State of Florida; and, the amount of monetary damages in controversy exceeds $75,000.00. Accordingly, this Court has jurisdiction and venue over the parties and the subject matter of this action. See, 28 USC § 1332.

5. All conditions precedent to the filing and prosecution of this action have occurred or been waived.

**Facts and Circumstances Which Give Rise to the Need for an Accounting by Lilogy**

6. On or about May 6, 2020, FFB entered into an agreement with RDM Capital Funding, LLC ("RDM") whereby FFB agreed to sell and RDM agreed to pay FFB $12,580,230.88 in consideration for FFB's receivables of $20,943,338.57. The receivables were to be paid by FBB's client Office Depot in consideration for delivery of 8 and 16 oz bottles of hand sanitizer.

7. On or about May 29, 2020, FFB entered into an agreement with Iris LLC ("Iris") whereby Iris agreed to manufacture and sell to FFB the bottled hand sanitizer which was to be sold to Office Depot.

8. RDM delivered directly to Iris $5.2 MM of its @ 12.5MM consideration due to FFB, as a deposit so that Iris would begin production of the 8 and 16 oz bottles of hand sanitizer.

9. Office Depot's standard policy at the time was to pay its receivables within 90 days after receipt of goods. RDM requested FFB to contract with a "factor" who would in effect buy out RDM's position in the FFB and Office Depot transaction. To that end, Defendant LILOGY introduced OTR Capital, LLC ("OTR") to FFB.

10. OTR then "factored" FFB's purchase order with Office Depot and substituted itself in RDM's prior position in the transaction. LILOGY received a 1% commission from OTR.

11. FFB then received additional purchase orders from Office Depot totaling @ $5.8 million for the production and delivery of one-gallon bottles of hand sanitizer.

12. In this sole transaction, Defendant LILOGY represented to FFB that it would directly fund the costs of producing and shipping these goods to Office Depot in consideration for 50% of the profit. Accordingly, LILOGY was to pay IRIS @ $3.95MM for the production and shipping costs to satisfy this Office Deport order.

13. LILOGY however instructed IRIS to use the RDM funds already received for the original Office Deport order, to produce instead the 1 gallon bottles in the new Office Deport order. IRIS then ceased production of the 8 & 16 oz bottles and produced instead the 1 gallon bottles.

14. Thereby LILOGY caused the cessation of bottle production for Office Depot's first order, and used RDM's funds intended for the first order to finance the cost of the second Order for its benefit, without FFB's knowledge or consent, and contrary to its representation to FFB that it would fund the cost of production.

15. Office Depot paid OTR directly for the purchase orders for the 1- gallon jugs. LILOGY then directed OTR to pay those funds directly to LILOGY rather than FFB.

LILOGY eventually forwarded to FFB only @$800,000.00 and kept a total of @ $4.4Million from the transaction.

16. It is believed that from these funds, LILOGY also directed OTR to pay them $3.9MM as if they had used that money, to pay IRIS a deposit for the 1 gallon bottle Order. However, RDM's money was used at LILOGY's instruction, RDM remains unpaid, and continues to look to FFB for the debt.

17. RDM made claims to FFB for the return of its $5.2MM and FFB repeatedly reported such to LILOGY. LILOGY requested FFB to not discuss the issue with RDM and that LILOGY would resolve the debt with RDM.

18. LILOGY has not resolved with RDM the $5.2MM that is due RDM. RDM has reasserted its claim for the amount against FFB. LILOGY owes FFB at least $5.2MM, and FFB would use that amount to satisfy RDM, minus the payments FFB has made to RDM in the interim to avoid suit.

19. FFB has learned too that LILOGY receives a kick back from suppliers that it refers any third party such as FFB. LILOGY has accrued commissions from suppliers with whom FFB has done business thereby increasing FFB's costs without FFB's knowledge or consent and in spite of LILOGY's representations that it would not do so.

20. Without notice or approval from FFB, LILOGY also "swept" from an OTR account designated solely for payment to a specific supplier with a UCC lien to secure such payment, @ $250,000, for an alleged debt unrelated to that supplier which has not been verified.

21. FFB no longer does business with LILOGY and has been unable to receive a full and complete accounting or explanation for LILOGY's actions, or a financial reconciliation of the transactions involved, and the amounts due and paid to FFB.

## COUNT I: EQUITABLE ACCOUNTING

22. The Plaintiff adopts and incorporates the allegations in paragraphs 2-21 as if fully re-alleged herein.

21. FFB's relationship with LILOGY is fundamentally complicated as LILOGY has asserted and exercised rights to access, convert and convey funds received from FFB's clients and designated to FFB to others with whom LILOGY apparently has a series of separate referral,. commission and kick back agreements which FFB unknowingly and without prior consent of approval has paid for.

22. This complex relationship has led to at least one creditor claiming a debt from FFB of $5.2MM, after LILOGY took control and possession of such funds, represented to FFB that it would resolve the debt, and has since failed to pay the debt or account for the funds,  This has left FFB having to pay the debt in order to avoid litigation by the creditor.

23. In addition, forb the one transaction whereby the parties agreed to a 50/50 split of profit, it has been learned that LILOGY received kick backs and/or commissions from suppliers involved, thereby raising FFB's costs without FFB's knowledge or consent. Those costs are artificial and should not be borne by FFB at all, and LILOGY is the only party able to accurately account for such

24. FFB has made multiple requests of LILOGY to account for and explain all funds its has received arising out of any FFB transaction, the funds it has taken from others, including OTR, which were expected to be delivered to FFB, and the basis upon which it believes that it is entitled to convert and/or possess such. Those requests have either gone without response or prompted the delivery of obviously inaccurate and incomplete account statements.

25. No remedy at law can be calculated, determined or rendered, until a complete and accurate accounting occurs. At that point, the accounting will evidence that FFB is entitled to restitution from LILOGY no less than $5.2 million dollars.

WHEREFORE, the Plaintiff, FARFROM BORING PROMOTIONS.COM, LLC,, hereby demands Judgment for an Accounting by BROOKLINE, LLC dba LILOGY of all monies over which LILOGY has exercised any control emanating from any transaction whereby FFB or any FFB client, was involved, and Restitution of all funds rightfully owned by FARFROM BORING PROMOTIONS.COM, LLC, which are in the possession, custody or control of BROOKLINE, LLC dba LILOGY.

*Murray Hudson*
_____
G. Murray Hudson, Esquire
Fla. Bar No.: 788503
MurrayHudson, LLC
Mizner Park
433 Plaza Real, Suite 500
Boca Raton, FL 33432
Attorneys at Law
murray@murrayhudsonlaw.com

Counsel for Plaintiff,
FarFrom Boring Promotions.Com. LLC